IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARRYL E. BROWN, | ) | |
| Plaintiff(s), | ) | No. C 08-4885 CRB (PR) |
| v. | ) | ORDER OF SERVICE |
| JAMES TILTON, et al., | ) | (Doc # 4) |
| Defendant(s). | ) | |

Plaintiff, a prisoner at California State Prison, Corcoran, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that on December 14, 2006, while he was at Salinas Valley State Prison (SVSP), he was repeatedly assaulted by correctional officers D. Beatty, B Chavez, E. Hernandez and J. Ruiz at "the behest" of Sergeant J. Mensing. Plaintiff specifically alleges that he was "punched," "kicked" and "dragged and slammed on the floor."

Plaintiff seeks damages and appointment of counsel.

## DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Liberally construed, plaintiff's allegations state a cognizable § 1983 claim for damages for use of excessive force against correctional officers D. Beatty, B Chavez, E. Hernandez and J. Ruiz, and Sergeant J. Mensing.

The other named defendants are dismissed because it is well-established that there is no respondeat superior liability under § 1983, i.e., there is no liability under § 1983 solely because one is responsible for the actions or omissions of another.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

C.   Request for Appointment of Counsel

Plaintiff's request for appointment of counsel (doc # 4) is DENIED for lack of exceptional circumstances.  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the following defendants at SVSP: D. Beatty, B Chavez, E. Hernandez, J. Ruiz and J. Mensing. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

   c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any

3

1  fact that would affect the result of your case, the party who asked for summary
2  judgment is entitled to judgment as a matter of law, which will end your case.
3  When a party you are suing makes a motion for summary judgment that is
4  properly supported by declarations (or other sworn testimony), you cannot simply
5  rely on what your complaint says.  Instead, you must set out specific facts in
6  declarations, depositions, answers to interrogatories, or authenticated documents,
7  as provided in Rule 56(e), that contradicts the facts shown in the defendant's
8  declarations and documents and show that there is a genuine issue of material
9  fact for trial.  If you do not submit your own evidence in opposition, summary
10 judgment, if appropriate, may be entered against you.  If summary judgment is
11 granted, your case will be dismissed and there will be no trial.  Rand v. Rowland,
12 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

13       Plaintiff is also advised that a motion to dismiss for failure to exhaust
14 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your
15 case, albeit without prejudice.  You must "develop a record" and present it in
16 your opposition in order to dispute any "factual record" presented by the
17 defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120
18 n.14 (9th Cir. 2003).

19       d.    Defendants shall file a reply brief within 15 days of the date
20 on which plaintiff serves them with the opposition.

21       e.    The motion shall be deemed submitted as of the date the
22 reply brief is due.  No hearing will be held on the motion unless the court so
23 orders at a later date.

24    3.  Discovery may be taken in accordance with the Federal Rules of
25 Civil Procedure.  No further court order is required before the parties may
26 conduct discovery.

27
28                                    4

1
2
3          4.     All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

4
5
6
7          5.     It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

8   SO ORDERED.

9   DATED:   December 24, 2008          _____
                                        CHARLES R. BREYER
10                                      United States District Judge

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28  G:\PRO-SE\CRB\CR.08\Brown, D1.serve.wpd                5